**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAPARRAL ENERGY, INC. | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | Tax I.D. No. 73-1590941 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CEI ACQUISITION, L.L.C. | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | Tax I.D. No. 20-3551817 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CEI PIPELINE, L.L.C. | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | Tax I.D. No. 20-5396877 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAPARRAL BIOFUELS, L.L.C. | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | Tax I.D. No. 26-0371066 |
| | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHAPARRAL CO2, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 73-1591656 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHAPARRAL ENERGY, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 73-1320941 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHAPARRAL EXPLORATION, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 26-2831968 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHAPARRAL REAL ESTATE, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 73-1591655 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHAPARRAL RESOURCES, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 73-1591710 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHARLES ENERGY, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 84-2913750 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHESTNUT ENERGY, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 84-2929730 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GREEN COUNTRY SUPPLY, INC. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 73-0802723 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ROADRUNNER DRILLING, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 26-2172399 |
| | ) |

|  | ) |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TRABAJO ENERGY, L.L.C. | ) | Case No. 20-_____ (___) |
|  | ) |  |
| Debtors. | ) | Tax I.D. No. 84-2929753 |
|  | ) |  |

### MOTION OF DEBTORS FOR ORDER
### UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1
### AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

The debtors and debtors in possession in the above-captioned cases (together, the "**Debtors**") hereby move (the "**Motion**") for entry of an order, under Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of the Motion, the Debtors rely upon and incorporate by reference the *Declaration of Charles Duginski in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court concurrently herewith (the "**First Day Declaration**"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

### JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.　　　Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.　　　The statutory predicates for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

4.　　　On August 16, 2020 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing the Chapter 11 Cases.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested in the Chapter 11 Cases and no committees have yet been appointed.

5.　　　The Debtors commenced the Chapter 11 Cases to implement their comprehensive, prepackaged plan of reorganization (the "**Plan**").  The Plan is the result of extensive negotiations between the Debtors, their revolving lenders, and their unsecured noteholders, who have agreed on a comprehensive balance sheet restructuring that will reduce the Debtors' debt burden and increase liquidity.  Holders of more than 75% of the Debtors' outstanding revolving loans and more than 75% of the Debtors' outstanding unsecured notes have documented their support for the Plan and the Chapter 11 Cases by executing a restructuring support agreement prior to the Petition Date.  Under the Plan, the Debtors will equitize all of their approximately $300 million of unsecured notes, eliminating a significant portion of their prepetition debt, and convert the revolving loans into an exit facility.  Importantly, the Plan contemplates that allowed general unsecured claims will remain unimpaired and be paid in full or "ride through" the Chapter 11 Cases

6.      Additional information about the Debtors, including their business operations, their capital structure and prepetition indebtedness, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration, which is incorporated herein by reference.

## RELIEF REQUESTED

7.      By this Motion, the Debtors seek entry of an order, substantially in the form of Exhibit A attached hereto, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of the Chapter 11 Cases for procedural purposes only.[1]

## BASIS FOR RELIEF REQUESTED

8.      Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b)(4). Bankruptcy Code Section 101(2), in turn, defines the term "affiliate" in pertinent part, as:

(A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

(B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

(C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

---

[1]      On May 9, 2016, the predecessors in interest to certain of the Debtors commenced chapter 11 cases (the "**Prior Cases**") before this Court.  The Prior Cases are currently pending before the Honorable Laurie Selber Silverstein and are jointly administered under the caption, *In re Chaparral Energy, Inc.*, No. 16-11144 (LSS).

11 U.S.C. § 101(2).

9.      Further, Local Rule 1015-1 provides:

[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . .

Del. Bankr. L.R. 1015-1.

10.     The Debtors in the Chapter 11 Cases include parent company Chaparral Energy, Inc. ("**Chaparral**") and thirteen (13) of its direct and indirect subsidiaries.  Chaparral is the direct and sole owner of Chaparral $CO_2$, L.L.C., CEI Pipeline, L.L.C., Chaparral Biofuels, L.L.C., Chaparral Exploration, L.L.C., Chaparral Real Estate, L.L.C., Green Country Supply, Inc., Charles Energy, L.L.C., Chestnut Energy, L.L.C., and Trabajo Energy, L.L.C.  Chaparral is the direct and sole owner of Chaparral Energy, L.L.C., which, in turn, is the direct and sole owner of CEI Acquisition L.L.C.  Chaparral is the direct and sole owner of Chaparral Resources, L.L.C., which, in turn, is the direct and sole owner of Roadrunner Drilling, L.L.C.  As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Code Section 101(2) and as used in Bankruptcy Rule 1015(b).  Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

11.     The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the Chapter 11 Cases will affect all of the Debtors.  The failure to jointly administer these cases would result in numerous individual case dockets and, inevitably, would lead to numerous duplicative filings for each issue, which would then be served upon

separate service lists.  This duplication would be extremely wasteful and would unnecessarily overburden the Clerk of the Court and the Debtors.

12.     Joint administration of the Chapter 11 Cases will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed and (b) file the papers in one case rather than in multiple cases.  Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Also, joint administration will ease the burden on the office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") in supervising these bankruptcy cases.

13.     Further, joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.  Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in all of these cases.

14.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it asserts a claim or right.  Thus, all creditors will benefit from the reduced costs as a result of such joint administration.

15.     Accordingly, the Debtors request that the official caption to be used by all parties on all pleadings and other filings in the jointly administered cases be as follows:

|  | ) |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CHAPARRAL ENERGY, INC., *et al.*,[1] | ) | Case No. 20-_____ (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

[1]       The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral $CO_2$, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753). The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

As reflected in the above caption, footnote 1 will set forth a complete listing of the Debtors' names, as well as the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's tax identification number and the Debtors' mailing address.

16.       The Debtors submit that use of this simplified caption, without reference to their respective tax identification numbers and other detail specified by Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.  Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request.  In addition, this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases.  Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

17.     In addition, the Debtors request that the Court make a separate docket entry on the docket of each of the Debtors' cases (except that of Chaparral), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Chaparral Energy, Inc., Case No. 20-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 20-_____ (___) should be consulted for all matters affecting this case.

18.     In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

19.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.  *See* Del. Bankr. L.R. 1015-1.  No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.  Indeed, the relief requested herein is commonly granted by numerous courts, including this Court.  *See, e.g.*, *In re The Hertz Corporation*, Case No. 20-11218 (MFW) (Bankr. D. Del. May 27, 2020); *In re Exide Holdings, Inc.*, Case No. 20-11157 (CSS) (Bankr. D. Del. May 21, 2020); *In re RentPath Holdings, Inc.*, Case No. 20-10312 (BLS) (Bankr. D. Del. Feb. 13, 2020); *In re Emerge Energy Servs. LP.*, Case No. 19-11563 (KBO) (Bankr. D. Del. July 17, 2019); *In re Hexion Holdings LLC*, Case No. 19-10684 (KG) (Bankr. D. Del. Apr. 1, 2019); *In re Imerys Talc Am. Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del. Feb. 13, 2019).

20.     For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, their creditors, and other parties in interest and, therefore, should be granted.

## CONSENT TO JURISDICTION

21.    Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

22.    Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the administrative agent for the Debtors' prepetition revolving credit facility; (c) counsel to the administrative agent for the Debtors' prepetition revolving credit facility; (d) the indenture trustee under the Debtors' 8.750% senior notes due 2023; (e) Stroock & Stroock & Lavan LLP and Young, Conaway, Stargatt & Taylor, LLP, as counsel to the ad hoc group of holders of the 8.750% senior notes due 2023; (f) the Internal Revenue Service; (g) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (h) the United States Attorney for the District of Delaware; (i) the Attorneys General for the states of Oklahoma and Texas; (j) counsel to Naylor Farms, Inc. and Harrel's LLC, as lead plaintiffs in the action captioned *Naylor Farms, Inc., individually and as class representative on behalf of all similarly situated persons v. Chaparral Energy, L.L.C.*, Case No. 11-00634 (W.D. Ok. 2011); (k) the parties included on the Debtors' consolidated list of twenty (20) largest unsecured creditors; and (l) any party that is entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").  The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 16, 2020
      Wilmington, Delaware

*/s/ John H. Knight*
John H. Knight (No. 3848)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  302-651-7700
Fax:  302-651-7701
Email: knight@rlf.com
      steele@rlf.com
      schlauch@rlf.com

- and -

Damian S. Schaible (*pro hac vice* pending)
Angela M. Libby (*pro hac vice* pending)
Jacob S. Weiner (*pro hac vice* pending)
Paavani Garg (*pro hac vice* pending)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:  212-450-4000
Fax:  212-701-5800
Email: damian.schaible@davispolk.com
      angela.libby@davispolk.com
      jacob.weiner@davispolk.com
      paavani.garg@davispolk.com

*Proposed Counsel for Debtors and
Debtors in Possession*

**<u>EXHIBIT A</u>**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAPARRAL ENERGY, INC. | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | Tax I.D. No. 73-1590941 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CEI ACQUISITION, L.L.C. | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | Tax I.D. No. 20-3551817 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CEI PIPELINE, L.L.C. | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | Tax I.D. No. 20-5396877 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAPARRAL BIOFUELS, L.L.C. | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | Tax I.D. No. 26-0371066 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAPARRAL CO2, L.L.C. | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | Tax I.D. No. 73-1591656 |
| | ) | |

In re:                                   )   Chapter 11
                                         )
CHAPARRAL ENERGY, L.L.C.                 )   Case No. 20-_____ (___)
                                         )
                        Debtors.         )   Tax I.D. No. 73-1320941
                                         )

In re:                                   )   Chapter 11
                                         )
CHAPARRAL EXPLORATION, L.L.C.            )   Case No. 20-_____ (___)
                                         )
                        Debtors.         )   Tax I.D. No. 26-2831968
                                         )

In re:                                   )   Chapter 11
                                         )
CHAPARRAL REAL ESTATE, L.L.C.           )   Case No. 20-_____ (___)
                                         )
                        Debtors.         )   Tax I.D. No. 73-1591655
                                         )

In re:                                   )   Chapter 11
                                         )
CHAPARRAL RESOURCES, L.L.C.             )   Case No. 20-_____ (___)
                                         )
                        Debtors.         )   Tax I.D. No. 73-1591710
                                         )

In re:                                   )   Chapter 11
                                         )
CHARLES ENERGY, L.L.C.                   )   Case No. 20-_____ (___)
                                         )
                        Debtors.         )   Tax I.D. No. 84-2913750
                                         )

2

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CHESTNUT ENERGY, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 84-2929730 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GREEN COUNTRY SUPPLY, INC. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 73-0802723 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ROADRUNNER DRILLING, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 26-2172399 |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TRABAJO ENERGY, L.L.C. | ) Case No. 20-_____ (___) |
| | ) |
| Debtors. | ) Tax I.D. No. 84-2929753 |
| | ) |

## ORDER UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1 AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of the Debtors for an order, under Bankruptcy

Rule 1015 and Local Rule 1015-1, authorizing the joint administration of their Chapter 11 Cases;

and the Court having reviewed the Motion and the First Day Declaration; and the Court having

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3

determined that the relief requested in the Motion is in the best interests of the Debtors, their

estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the *Amended Standing Order of Reference from the United States District Court for the District*

*of Delaware* dated as of February 29, 2012; and it appearing that proper and adequate notice of

the Motion has been given and that no other or further notice is necessary; and upon the record

herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

hereby

## ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. The above-captioned cases are consolidated for procedural purposes only

and shall be administered jointly under Case No. 20-[_____ (___)] in accordance with the

provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. The caption of pleadings and other documents filed in the jointly

administered cases shall read as follows:

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHAPARRAL ENERGY, INC., *et al.*,[1] | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]     The Debtors in these cases, along with the last four digits (or five digits, in cases in which multiple Debtors have the same last four digits) of each Debtor's federal tax identification number, are: CEI Acquisition, L.L.C. (1817); CEI Pipeline, L.L.C. (6877); Chaparral Biofuels, L.L.C. (1066); Chaparral $CO_2$, L.L.C. (1656); Chaparral Energy, Inc. (90941); Chaparral Energy, L.L.C. (20941); Chaparral Exploration, L.L.C. (1968); Chaparral Real Estate, L.L.C. (1655); Chaparral Resources, L.L.C. (1710); Charles Energy, L.L.C. (3750); Chestnut Energy, L.L.C. (9730); Green Country Supply, Inc. (2723); Roadrunner Drilling, L.L.C. (2399); and Trabajo Energy, L.L.C. (9753). The Debtors' address is 701 Cedar Lake Blvd., Oklahoma City, OK 73114.

4

As reflected in the above caption, footnote 1 shall set forth a complete listing of the Debtors' names, as well as the last four digits of each Debtor's tax identification number and the Debtors' address.

4.      The caption set forth above shall be deemed to satisfy any applicable requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n).

5.      All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Chaparral, Case No. 20-_____ (___).

6.      A docket entry shall be made in the chapter 11 cases of all Debtors other than Chaparral, substantially as follows:

> An order has been entered in this case consolidating this case with the case of Chaparral Energy, Inc., Case No. 20-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 20-_____ (___) should be consulted for all matters affecting this case.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

8.      Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.